**IN THE SUPREME COURT OF IOWA**

No. 85 / 05-1971

Filed February 1, 2008

**IN RE THE DETENTION OF
VALJEAN LEHMAN,**

**STATE OF IOWA,**

Appellant.

---

Appeal from the Iowa District Court for Page County, J.C. Irvin, Judge.

The State appeals from the district court ruling that a statute granting the Attorney General the right to demand a jury trial over the respondent's objection in a sexually violent predator proceeding is unconstitutional. **REVERSED AND REMANDED.**

Thomas J. Miller, Attorney General, and Linda J. Hines and Robert J. Glaser, Assistant Attorneys General, for appellant.

Mark C. Smith, State Appellate Defender, for appellee.

**PER CURIAM.**

The State appeals from the district court's ruling that Iowa Code section 229A.7(4), which authorizes the Attorney General to demand, over a respondent's objection, a jury trial in a sexually violent predator (SVP) proceeding, violates the Due Process Clauses of the United States and Iowa Constitutions. We reverse and remand.

### I.     Factual and Procedural Background.

These proceedings began on September 16, 2005, when the State filed a petition alleging Valjean Lehman is an SVP. *See* Iowa Code § 229A.2(11) (2005) (defining SVP); *id.* § 229A.4(1) (authorizing the Attorney General's filing of a petition alleging "a person presently confined" is an SVP when a prosecutor's review committee has concluded the person meets the definition of an SVP). After a hearing, the district court found probable cause exists to believe Lehman is an SVP, ordered Lehman's transport to a secure facility for evaluation, and set a date for trial. *Id.* § 229A.5(2), (5) (requiring a court to determine, after a hearing, "whether probable cause exists to believe the person named in the petition" is an SVP, and in instances where probable cause exists, to direct the person's transfer to a secure facility for evaluation).

The State, pursuant to Iowa Code section 229A.7(4), demanded a jury trial.[1] Lehman filed a motion to strike the jury demand on the ground that section 229A.7(4) violates the Due Process and Equal Protection Clauses of the United States and Iowa Constitutions. The district court granted Lehman's motion to strike the State's jury demand,

---

[1]Section 229A.7(4) provides, in relevant part:

The respondent, the attorney general, or the judge shall have the right to demand that the trial be before a jury. Such demand for the trial to be before a jury shall be filed, in writing, at least ten days prior to trial. If no demand is made, the trial shall be before the court.

ruling section 229A.7(4) violates Lehman's due process right to a fair trial by allowing the State to choose a jury trial and deny Lehman the opportunity to choose a bench trial.

In reaching its decision, the district court took "judicial notice of the volatile political climate in Iowa and other states with regard to sex offenders," noted society's "collective inquiry of 'what to do with [SVPs],' " and acknowledged our legislature's adoption of "a series of laws aimed at 'dealing with' [such] offenders upon their release from serving a criminal sentence."[2] The court did not rule on the merits of Lehman's claim that section 229A.7(4) violates his right to equal protection of the law under the federal and state constitutions by depriving him of the right to waive a jury trial and choose a bench trial.

The State filed an application for discretionary review and a request for an immediate stay of the district court proceedings. *See id.* § 814.5(2)(*d*) (authorizing discretionary review of "[a] final judgment or order raising a question of law important to the judiciary and the profession"). We granted the application and ordered a stay of the district court proceedings pending our review.

### II. Standard of Review.

We review Lehman's constitutional claims de novo. *In re Det. of Williams*, 628 N.W.2d 447, 451 (Iowa 2001).

### III. Analysis.

**A. Due Process.** Our opinion filed today in *State v. Hennings*, No. 84/05-1752, is dispositive of Lehman's due process claim. For the

---

[2]The State assails the district court's reliance upon "judicial notice" in finding these facts. We conclude we need not determine whether the facts were proper subjects of judicial notice. Even if we assume, without finding, the truth of the noticed facts, we are not convinced it is impossible to empanel an impartial jury capable of rendering a fair decision based on the evidence in this case.

reasons discussed in that opinion, section 229A.7(4) does not violate the United States and Iowa Due Process Clauses by allowing the State to demand a jury trial over Lehman's objection and thereby denying Lehman the absolute right to choose a trial to the court.

**B.     Equal Protection.**     Although the district court granted Lehman's motion without reaching the merits of the equal protection claim, we will nonetheless consider it because it was urged in the district court. *See Fencl v. City of Harpers Ferry*, 620 N.W.2d 808, 811–12 (Iowa 2000) (noting "[i]f we disagree with the basis for the court's ruling, we may still affirm if there is an alternative ground, raised in the district court and urged on appeal, that can support the court's decision"). Our opinion filed today in *Hennings* is also dispositive of Lehman's equal protection claim. For the reasons discussed in that opinion, section 229A.7(4) does not violate Lehman's rights under the United States and Iowa Equal Protection Clauses.

**IV.     Conclusion.**

We conclude Iowa Code section 229A.7(4) does not violate Lehman's rights to due process and equal protection of the law. We consequently reverse and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

This opinion shall not be published.